UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:_____

NICOLE ABAYA,

                Plaintiff,

vs.

WEINSTEIN, PINSON & RILEY, P.S., INC.

                Defendant.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF AND DEMAND FOR JURY TRIAL**

      Plaintiff Nicole Abaya ("Plaintiff"), by and through her undersigned counsel, sues Weinstein, Pinson & Riley, P.S., Inc. ("Defendant" or the "Company"), and alleges as follows:

**NATURE OF ACTION**

      1.      This is a lawsuit brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

**JURISDICTION AND VENUE**

      2.      This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

      3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff' resides in this State and this District, and where Defendant transacts business in this State and this District.

1

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach.

5. Plaintiff is obligated, or allegedly obligated, to pay a debt due a creditor other than Defendant, and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

7. Defendant is a Washington corporation with principal offices situated at 2001 Western Ave Ste 400, Seattle, WA 98121.  Defendant may be served through its registered agent, Daniel Ross, 2001 Western Avenue #400, Seattle, WA 98121.

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, by another.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

10. On or about October 14, 2013 at 4:28 P.M., Defendant initiated, or caused to be initiated, a telephone call in an attempt to contact Plaintiff, and left the following message:

> This message is for Nicole Abaya.  My name is [] with the law offices of Weinstein, Pinson & Riley.  If you could please return the call at (877) 332-3511.  Thank you very much, have a wonderful day.

11. On or about October 18, 2013 at 9:36 A.M., Defendant initiated, or caused to be initiated, a telephone call in an attempt to contact Plaintiff, and left the following message:

2

> This message is intended for Ms. Nicole Abaya. This is [] with the law offices of Weinstein, Pinson & Riley. I need you to give me a call back in the office, toll free, 1 (877) 332-3544. Thank you and have a great day.

12.  Upon information and belief, the purpose of Defendant's calls to Plaintiff was to attempt to collect a consumer debt allegedly owed by Plaintiff to a third-party.

13.  In the above-referenced voicemail messages, Defendant failed to disclose that it was a debt collector attempting to collect a debt.

14.  Thereafter, Plaintiff called Defendant in order to determine why Defendant was calling her. Upon calling the number left on the October 18, 2013 voicemail message, Plaintiff was greeted with an automated message that said that she had reached Defendant's "Recovery Department," and then advised by the automated message that if she was a debtor, that Defendant was a debt collector calling to collect a debt. Plaintiff was then automatically transferred to a live operator, who refused to provide any information to Plaintiff about why Defendant was calling Plaintiff unless Plaintiff provided Defendant her social security number and the telephone number at which Defendant had attempted to call Plaintiff.

15.  By failing to disclose that it was a debt collector calling to collect a debt, Defendant's voicemail messages would be misleading to the least sophisticated consumer, who would have only been informed that a law firm was calling and requesting a return phone call.

16.  Further, by demanding that Plaintiff provide her social security number to Defendant before it would reveal any information about the purpose of its previous calls to Plaintiff, Defendant used a false, deceptive or misleading representation in connection with the collection of a consumer debt. Indeed, under these circumstances, the least sophisticated consumer, having received two voicemail messages from a law firm that failed to disclose the purpose of its calls, would believe she was obligated to provide her social security number to Defendant in order to find out the purpose of Defendant's calls.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692d(6)

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 16.

18. 15 U.S.C. §1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

19. In the above-described messages, Defendant failed to notify Plaintiff that the communications were from a debt collector calling in an attempt to collect a debt.

20. As such, Defendant violated 15 U.S.C. §1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692e(11)

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 16.

22. 15 U.S.C. §1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except

4

that this paragraph shall not apply to a formal pleading made in connection with a legal action.

23. In the above-described messages, Defendant failed to notify Plaintiff that the communications were from a debt collector.

24. As such, Defendant violated 15 U.S.C. §1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

### COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692e

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 16.

26. 15 U.S.C. §1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. Defendant requested return phone calls from Plaintiff without disclosing that it was a debt collector calling her to collect a consumer debt.  When Plaintiff did return the calls to determine why Defendant was calling her, Defendant demanded that Plaintiff provide it with her social security number and the phone number at which Defendant attempted to reach her before it would reveal the purpose of its attempts to contact her.

28. Under these circumstances, the least sophisticated consumer would believe she was obligated to provide her social security number to Defendant in order to find out the purpose of Defendant's calls.  A consumer, however, is under no obligation to provide her social security number to a debt collector and a debt collector does not need a consumer's social security number to attempt to collect a debt from that consumer.

29. As such, Defendant violated 15 U.S.C. §1692e by using a false, deceptive, or misleading representation or means in connection with the collection of any debt.

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Adjudging and declaring that Defendant violated 15 U.S.C. §1692d(6), 15 U.S.C. §1692e(11) and 15 U.S.C. §1692e;

(b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00;

(c) Awarding Plaintiff her reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k.

(d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(e) Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: October 31, 2013                    Respectfully submitted,

*/s/ Michael L. Greenwald*
**MICHAEL L. GREENWALD**
Florida Bar No. 761761
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@mgjdlaw.com
Counsel for Plaintiff